09-0091-cr
United States v. Peirce

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

PRESENT:  PIERRE N. LEVAL,
                PETER W. HALL,
                GERARD E. LYNCH,
                      *Circuit Judges.*

_____

United States of America,

                    *Appellee,*

        v.                                     No. 09-0091-cr

Carol Peirce,

                    *Defendant-Appellant.*

_____

For Appellant:          RICHARD WARE LEVITT, Levitt & Kaizer, New York, New York

For Appellee:           MARIA E. DOUVAS, Assistant United States Attorney, of Counsel (Jesse M. Furman, Assistant United States Attorney, of Counsel, on the brief) for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from an amended judgment of conviction by the United States District Court for the Southern District of New York (Sullivan, *J.*), following a jury trial and imposition of a prison sentence and an order of restitution. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Carol Peirce appeals from an amended judgment of the United States District Court for the Southern District of New York following her conviction and sentencing. Peirce was found guilty of all five counts alleged in the indictment. The district court sentenced her principally to 87 months of imprisonment. The court subsequently entered an amended judgment additionally ordering Peirce to pay $155,369.91 in restitution. We assume the parties' familiarity with the factual and the procedural history of this case, as well as the issues on appeal.

## I.     The District Court Did Not Err in Admitting Evidence of Uncharged Conduct

Peirce argues that the district court wrongly admitted evidence of three uncharged acts to prove that she committed the charged offenses because any relevance the evidence had was outweighed by the risk that the jury would use the evidence as proof of her propensity to engage in criminal conduct—an impermissible use under Federal Rule of Evidence 404(b) ("Rule 404(b)"). When reviewing evidentiary challenges, this Court applies two different standards of review. If a contemporaneous objection was made at trial, this Court reviews evidentiary rulings for abuse of discretion. *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). To find abuse of discretion, this Court "must conclude that the trial judge's evidentiary rulings were arbitrary and irrational." *Id*. If, however, a contemporaneous objection was not made, this Court reviews only for plain error. *United States v. Johnson*, 529 F.3d 493, 501 (2d Cir. 2008). The

plain error standard is more rigorous and can only be satisfied if there is "(1) error, (2) that is plain, and (3) that 'affects substantial rights. . ..'  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 501-02 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

We find no abuse of discretion with regard to Peirce's first two Rule 404(b) challenges, namely that the district court erred by admitting evidence that she hired her husband and her friend's company to complete electrical and construction work on behalf of the New York Presbyterian Hospital ("NYP") Womens, Infants, and Children ("WIC") program.  When reviewing whether a district court properly admitted evidence of uncharged acts under Rule 404(b), this Court considers whether the evidence was: (i) introduced for a proper purpose; (ii) relevant to the charged offense; (iii) not substantially more prejudicial than probative; and (iv) admitted with a limiting instruction if requested.  *United States v. Rutkoske*, 506 F.3d 170, 177 (2d Cir. 2007).  District courts have "broad discretion to admit evidence pursuant to Rule 404(b)." *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994).

The district court properly instructed the jury that evidence of uncharged bad acts may be used only for limited purposes, including, "opportunity and ability to engage in the alleged crimes;" "the existence of a common scheme, plan, or preparation;" and the fact that the "defendant acted knowingly and intentionally;" and not as evidence of the defendant's criminal propensity.  The evidence was relevant to the charged offenses because it bore on these factors.  Moreover, the probative value of the evidence was not substantially outweighed by the risk of

3

prejudice because the uncharged conduct was not "especially worse or [more] shocking than the transactions charged." *Mercado*, 573 F.3d at 142.

As for Peirce's third challenge, namely that the district court improperly admitted evidence that Peirce was told during an April 2003 union-grievance proceeding that NYP required her to use union employees rather than her accomplice's company to provide housekeeping services, the defendant made no objection to this ground, and we cannot say that the district court committed plain error given the limited use of this evidence.

## II.     The District Court Properly Admitted the Summary Charts and Inspector Berry's Testimony

Peirce challenges the district court's admission of two summary charts depicting the personal charges that Peirce made using the WIC credit card and the accompanying testimony of United States Postal Inspector Eleanor Berry. This Court reviews a district court's admission of summary charts or non-expert opinion testimony for an abuse of discretion. *See United States v. Pinto*, 850 F.2d 927, 935 (2d Cir. 1988) (summary charts); *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005) (non-expert opinion testimony).

Here, the district court properly admitted the summary charts as pedagogic devices to help explain the WIC credit card charges to the jury. This Court has held that summary charts are admissible where all of the evidence contained in the charts is supported by evidence already admitted. *United States v. Baccollo*, 725 F.2d 170, 173 (2d Cir. 1983). Because the WIC credit card records were admitted into evidence prior to the introduction of the summary charts, the district court properly admitted the summary charts to supplement Inspector Berry's testimony relating to Peirce's use of the WIC credit card.

4

The district court also properly allowed Inspector Berry to testify about the process used to create the summary charts. This Court has held that district courts must ascertain whether summary charts "fairly represent and summarize the evidence upon which they are based." *United States v. Citron*, 783 F.2d 307, 316 (2d Cir. 1986) (quoting *United States v. O'Connor*, 237 F.3d 466, 475 (2d Cir. 1956)). Furthermore, we have reasoned that the party seeking to introduce the charts need not "provide detailed testimony stating the basis of each calculation . . .. All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it." *Id.* at 317. To comply with this burden, the Government properly called Inspector Berry to testify about, *inter alia*, how she created the charts and any assumptions or conclusions that she made when crafting the charts. Because Inspector Berry's testimony bore on relevant evidence that is helpful to a jury and was not based on expert knowledge, the district court properly admitted her lay testimony under Federal Rule of Evidence 701. We find the remainder of Peirce's arguments with regard to the summary charts without merit.

### III. The District Court Did Not Abuse its Discretion When Applying the Vulnerable Victim and Multiple Victim Enhancements

Peirce challenges the district court's application of the two-point vulnerable victim and multiple victim sentencing enhancements pursuant to U.S.S.G. §§ 3A1.1(b)(1) and 3A1.1(b)(2) (2008). We review a district court's sentence for reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "Review for 'unreasonableness' amounts to review for abuse of discretion." *Id.* at 187. This Court reviews the district court's interpretation of the United States Sentencing Guidelines *de novo*, but reviews findings of fact for clear error. *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005). A finding is clearly erroneous only if the

5

appellate court is left "with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).

Pursuant to U.S.S.G. § 3A1.1(b)(1), a district court applies a two-point enhancement to a defendant's offense level if it finds that the defendant "knew or should have known that a victim of the offense was a vulnerable victim." A vulnerable victim is defined as one "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt. n.2 (2008). In addition, if the court determines that the offense involved a "large" number of vulnerable victims, it increases the defendant's offense level by an additional two points. U.S.S.G. § 3A1.1(b)(2) (2008). To prevent courts from applying these enhancements too broadly, this Court has imposed three limitations. First, "the vulnerability of the victim must bear some nexus to the criminal conduct." *United States v. McCall*, 174 F.3d 47, 50 (2d Cir. 1998). Second, "the defendant generally must have singled out the vulnerable victims from a larger class of potential victims." *Id.* Third, "broad generalizations about victims based upon their membership in a class are disfavored where a very substantial portion of the class is not in fact particularly vulnerable to the crime in question." *Id.*

We need not rule on whether the four-level increase for multiple vulnerable victims specified in § 3A1.1(b)(2) was properly applicable. The court explicitly stated that even if it had erred in applying the vulnerable victim enhancements, it nevertheless would have applied a four-level upward increase because of the defendant's infliction of harm on "the most vulnerable persons in society." We cannot say that the district court gave this factor unreasonable weight in evaluating "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). This Court has recognized that "[w]here . . . the record indicates clearly that 'the district court would have

6

imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). Any error in the application of the guidelines was thus harmless.

**IV.     The District Court Properly Calculated Actual Loss**

Peirce also challenges the district court's calculation of actual loss on two grounds: (i) miscalculation of actual loss as to the contract with her accomplice's company, and (ii) inclusion of that company's overcharges as compared to what the WIC program would have paid had the work been done in-house. We review the district court's factual findings on loss for clear error and its conclusions of law *de novo*. *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000). Peirce first argues that the district court miscalculated the loss because it used "ballpark figures" to calculate the actual loss in this case. This argument is unconvincing, however, because a district court "'need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information.'" *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (quoting *Carboni*, 204 F.3d at 46). To determine actual loss, the district court considered over 600 pages of documents and the testimony of multiple witnesses in addition to several different calculation methodologies for computing loss. Based on the information presented, it was reasonable to include the overcharges in the loss amount, and we cannot say that the calculation of the overcharges, or any aspect of the loss calculation, was clearly erroneous. Therefore, we find that the district court properly applied the 12-point sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(G) (2008).

We find no merit to Peirce's remaining arguments.

**CONCLUSION**

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____